UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andre Smith, # 189892,<br><br>      Petitioner,<br><br>vs.<br><br>United States of America,<br><br>      Respondent. | C/A No. 6:08-0203-CMC-WMC<br><br><br><br>**Report and Recommendation** |

### *Background of this Case*

This is a mandamus action filed by a state prisoner who will serve a federal sentence after he is released from state custody.  Therefore, in the event that a limitations issue arises, the petitioner shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-76 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court).  Under Local Civil Rule 73.02(B)(2), pretrial proceedings in this action have been automatically referred to the undersigned United States Magistrate Judge.

The petitioner is an inmate at the Kershaw Correctional Institution of the South Carolina Department of Corrections.  Information contained on the South Carolina Department of Corrections website (www.doc.sc.gov) indicates that the petitioner is serving a sentence of thirty-two (32) years for armed robbery.  His conviction was entered in the Court of General Sessions for Florence County in 1995.  The petitioner's projected release date from the SCDC is June 5, 2012.

After the petitioner is released from the SCDC, he will serve a consecutive federal sentence of three hundred sixty (360) months for a firearms conviction (unlawful transport of firearms) entered in *United States v. Andre Smith*, Criminal No. 4:96-312-CMC-2 (DSC). The petitioner's conviction in Criminal No. 4:96-312-CMC-2 was entered pursuant to a guilty plea.

The petitioner has a pending Section 2255 action, *Andre Smith v. United States*, Civil Action No. 4:08-70012-CMC, the proceedings of which have been docketed in the closed criminal case (Criminal No. 4:96-312-CMC-2). The United States has responded to the Section 2255 petition and has filed a motion for summary judgment on the grounds that the Section 2255 petition is untimely. On January 25, 2008, the Honorable Cameron McGowan Currie, United States District Judge, apprised the petitioner of dispositive motion procedure, as required by *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

In the case at bar (Civil Action No. 6:08-0203-CMC-WMC), the petitioner seeks a writ of mandamus directing that he be taken into federal custody to serve his federal sentence. The petitioner also seeks production of documents relating to his prior federal criminal case. The petitioner contends that he should be taken into federal custody because his armed robbery conviction entered in the Court of General Sessions for Florence County is, in reality, a conviction for a federal crime.

*Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, the Anti-Terrorism and Effective Death Penalty Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978).

As the petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. See *Erickson v. Pardus*, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

1975). Even under this less stringent standard, the petition is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Since the petitioner will not "max out" his SCDC sentence until June 5, 2012, the above-captioned case is not yet "ripe." Until after June 5, 2012, the petitioner will continue to be in a *Whittlesey*-type situation because the petitioner has committed crimes in more than one jurisdiction. *See Whittlesey v. Circuit Court for Baltimore County*, 897 F.2d 143 (4th Cir.), *cert. denied*, 498 U.S. 922 (1990), which concerned a prisoner who committed crimes in two different States.

Moreover, the petitioner's contention that his crime of armed robbery is, in reality, a federal crime fails under case law interpreting the doctrine of dual sovereignty. Both state and federal criminal charges may arise from the same conduct. *See Rinaldi v. United States*, 434 U.S. 22, 28 (1977) ("dual sovereignty" doctrine); *United States v. Woolfolk*, 399 F.3d 590, 595 (4th Cir. 2005) (collecting cases); and *United States v. Louisville Edible Oil Products, Inc.*, 926 F.2d 584, 587 (6th Cir.) (explaining that the "dual sovereignty" doctrine recognizes the power of state and federal authorities to bring separate criminal suits against a defendant arising out of the same underlying conduct), *cert. denied*, 502 U.S. 859 (1991).

The petitioner cannot begin serving his federal sentence until he completes his remaining 51 months in the South Carolina Department of Corrections. The petitioner's

claims will not be "ripe" for federal judicial review until his state sentence expires on June 5, 2012. *See, e.g.*, *Lake Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972). *Cf. Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 482 (1982) (for a plaintiff to have standing, the injury must have resulted from the defendant's or defendants' actions).

The Supreme Court of the United States has noted that the basic rationale of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580 (1985). *See also Miller v. Brown*, 462 F.3d 312, 318-19 (4th Cir. 2006). The court's role is "neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." *Thomas v. Anchorage Equal Rights Commission*, 220 F.3d 1134, 1138 (9th Cir. 2000). Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all. *Pacific Gas & Electric Co. v. State Energy Resources Conservation & Development Commission*, 461 U.S. 190, 200-201 (1983). *See also Dames & Moore v. Regan*, 453 U.S. 654, 689 (1981). "Ripeness is, thus, a question of timing." *Stinson v. Sullivan*, 2008 U.S.Dist. LEXIS® 2412, *5-*6, 2008 WESTLAW® 115124, *2 (E.D. Cal., Jan. 11, 2008) (magistrate judge's Report and Recommendation), *citing Regional Rail Reorganization Act Cases*, 419 U.S. 102, 139 (1974). Since the petitioner's "max out" date is June 5, 2012, no actual "case or controversy" currently exists. If the petitioner remains in SCDC custody *after* June 5, 2012, he can bring a new civil action in this federal court.

5

The petitioner is not entitled to copies of documents from his closed federal criminal case. Longstanding circuit precedents have provided that a prisoner who requests free copies of records in his or her criminal case, whether it is a state case or a federal case, must show a particularized need for such records. *Jones v. Superintendent, Virginia State Farm*, 460 F.2d 150, 152-53 & nn. 3-4 (4th Cir. 1972), *adhered to*, 465 F.2d 1091, 1092-1096 (4th Cir. 1972) (denying rehearing *en banc*), *cert. denied*, 410 U.S. 944 (1973). *A state or federal prisoner does not have the right to request free transcripts so that he or she can search the record of conviction to find possible flaws. See United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963) ("An indigent is not entitled to a transcript at government expense without a showing of need, merely to comb the record in the hope of discovering some flaw."); and *United States v. Shoaf*, 341 F.2d 832, 833-836 & nn. 1-6 (4th Cir. 1964) (reaffirming *Glass*).  *Cf. United States v. MacCollum*, 426 U.S. 317 (1975) (indigent prisoner not entitled to free transcript to aid him or her in preparing a petition for collateral review).  The United States District Court for the District of South Carolina has also applied those precedents in cases where state prisoners have sought orders from this court to direct courts of the State of South Carolina to provide them free transcripts.  *See, e.g.*, *Ham v. Leeke*, 459 F. Supp. 459, 462-63 & n. 11 (D.S.C. 1978), *appeal dismissed*, 586 F.2d 837 (4th Cir. 1978) [Table].

The undersigned is aware that federal prisoners convicted in the Seventh Judicial Circuit are allowed to obtain copies from closed federal criminal files.  *See* the decision of the United States Court of Appeals for the Seventh Circuit in *Rush v. United States*, 559 F.2d 455 (7th Cir. 1977).  *Rush v. United States* is not controlling in the Fourth

Judicial Circuit. Hence, the United States District Court for the District of South Carolina is bound by the decisions of the United States Court of Appeals for the Fourth Circuit in *United States v. Glass* and *United States v. Shoaf*.

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process because the petitioner's claims are not yet ripe. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; and *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The petitioner's attention is directed to the Notice on the next page.

March 5, 2008                                         s/William M. Catoe
Greenville, South Carolina                    United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 10768**
> **Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).